UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SPOTNANA, INC.,                     :        09 Civ. 3698 (LAP)
                                    :
                    Plaintiff,      :        ORDER
                                    :
        -against-                   :
                                    :   ┌──────────────────────────┐
AMERICAN TALENT AGENCY, INC.,       :   │ USDC SDNY                │
                                    :   │ DOCUMENT                 │
                    Defendant.      :   │ ELECTRONICALLY FILED     │
------------------------------------x   │ DOC #: _____   │
                                        │ DATE FILED: 1-25-13      │
                                        └──────────────────────────┘

LORETTA A. PRESKA, Chief United States District Judge:

        This Order serves to appoint a receiver in the above
captioned matter pursuant to Fed. R. Civ. P. 69(a) and N.Y. Civ.
Prac. L. & R. §§ 5228(a) for defendant-judgment debtor Yugeshwar
Rajkumar ("Rajkumar"), in his capacity as the sole shareholder
and CEO of American Talent Agency, Inc.

        Accordingly, Plaintiff's motion to appoint a receiver
is granted as follows:


IT IS HEREBY ORDERED:

        (1)    Eric M. Huebscher is appointed receiver,[1] with the
usual powers and directions of a receiver, of Rajkumar and any
and all revenues payable to Rajkumar from performances booked by

---

[1] Although both sides had the opportunity to present candidates
for a receiver, [see Dkt. No. 63], the Judgment Debtors chose
not to propose one.  Nor did they object to the qualifications
of Eric M. Huebscher.

or through Rajkumar and the accounts through which such revenues are disbursed;

(2)    The receiver shall have the power to direct disbursements from Rajkumar's revenues to the artists in accordance with their engagements and for expenses that Rajkumar is obligated to pay in connection with the performances booked;

(3)    The receiver is authorized to examine the books and records of Rajkumar and to determine whether Rajkumar has made any improper disbursements or transfers—for example, transfers for inadequate consideration or to defraud creditors—and to take appropriate steps to reclaim or set aside such disbursements or transfers;

(4)    All persons now or hereafter in possession of any assets that Rajkumar owns, possesses, controls, or has any interest in, either directly or through nominees or third parties, including without limitation ATA, Rajkumar, and ATA LLC, shall forthwith surrender possession, dominion, or control thereof to the receiver upon demand.

(5)    The receiver is authorized to engage counsel;

(6)    The receiver, prior to entering upon its duties, shall execute and file an oath that it will faithfully and fairly discharge the trust committed to it;

2

(7)   The receiver shall execute and file with the Clerk of the Court an undertaking, in the amount of $2,500, for the faithful performance of its duties as receiver.

(8)   The receiver shall forthwith deposit all monies received in its own name, as receiver, in any major New York bank account, and shall comply with the documentation and other requirements of CPLR § 6404.  No withdrawal in excess of $1,000 shall be made from the account except as directed by the Court, upon written request of the receiver with simultaneous notice to Plaintiff's counsel and counsel for the Judgment Debtors;

(9)   As commission, the receiver shall be entitled to five percent of the sums he receives and disburses; and

(10) The receiver shall retain all the powers herein granted until such time that the judgment is satisfied in full and Plaintiff files a satisfaction of judgment, which Plaintiff shall do promptly upon satisfaction.

SO ORDERED.

Dated:      New York, New York
            January 25, 2013

_____
UNITED STATES DISTRICT JUDGE

3

LAW OFFICES OF

# ANDREW P. SAULITIS P.C.

40 WALL STREET

NEW YORK, NEW YORK 10005

(212) 459-0900

Fax (212) 459-1826

apslaw@msn.com

January 22, 2013

**BY FAX**
**212 805-7941**

Hon. Loretta A. Preska
Chief United States District Judge
Daniel Patrick Moynihan
United States Court House
500 Pearl Street-Room 1320
New York, New York 10007-1312

### *Spotnana, Inc. v. American Talent Agency, Inc.*
### 1:09-cv-03698-LAP-GWG

Dear Judge Preska:

We represent the plaintiff-judgment creditor, Spotnana, Inc. ("Spotnana") and write with reference to your Memorandum and Order dated and filed this date in the above case (Dkt. No. 81). We write to address what appears to be an oversight, in that the Memorandum and Order refers to appointment of the receiver for only for one of the two judgment debtors, who are interrelated.

Spotnana moved for appointment of a receiver pursuant to Fed. R. Civ. P. 69(a) and N.Y. Civ. Prac. L. & R. §§ 5228(a) and 6402-05, of *both* defendant-judgment debtor American Talent Agency, Inc. ("ATA") and its (sole) shareholder and "CEO," judgment debtor Yugeshwar Rajkumar ("Rajkumar"), which motion was granted by the Memorandum and Order.[1] However, the decretal paragraphs provide that the receiver is appointed only as to ATA (Mem. & Order at 20-21) but not Rajkumar. This appears to be an oversight, and both ATA and Rajkumar should be included within the scope of the receivership.

Receivership is particularly applicable to individuals as well as to corporate entities, especially when the individual's personal and business assets are interrelated, as they are here, with Rajkumar being the sole shareholder of ATA and joint and several judgment debtor with ATA, and solely in charge of its management and efforts to avoid

---

[1] In opposition the judgment debtors did not urge separate treatment for ATA and Rajkumar in connection with receivership, acknowledging their commonality of interest.

Hon. Loretta A. Preska
January 22, 2013
Page 2

the judgment. *See, e.g., Hotel 71 Mezz Lender LLC v. Falor*, 14 N.Y.3d 303, 317, 926 N.E.2d 1202, 900 N.Y.S.2d 698 (2010) (receiver appointed for individual defendants who were involved with various LLCs involved in hotel development); *United States v. Zitron*, No. 80 Civ. 6535 (RLC), 1990 WL 13278, 1990 Dist LEXIS 1049 (S.D.N.Y. Feb. 2, 1990) (appointing receiver of individual who controlled various corporations)[2]; *Chlopecki v. Chlopecki*, 296 A.D.2d 640, 745 N.Y.S.2d 228 (3d Dep't 2002) (receiver appointed for individual judgment debtor).

As the function of a receiver is "to administer, collect, improve, lease, repair or sell any . . . property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment" (N.Y. Civ. Prac. L. & R. § 5228 (a)), this applies with equal force to both judgment debtors here. Indeed, as the Court noted, ATA itself has been dissolved and a new entity formed, "ATA LLC," which is "connected" (Mem. & Order at 16) and has continued the ATA business under the same name, personnel, web site, address and "roster" of clients, see http://www.americantalentagency.net/, though ATA's bank accounts have been closed and new ones reopened in the name of ATA LLC, as we previously pointed out.

Thus, we call this to the Court's attention and request correction to include Rajkumar in the receivership. Alternatively, we request a pre-motion conference in connection with a motion for reconsideration pursuant to Local Civil Rule 6.3. While under your Individual Practices a pre-motion conference is not necessary for motions for "reargument," a conference may serve to expedite this matter nonetheless.

Respectfully yours,

Andrew P. Saulitis

Digitally signed by Andrew P. Saulitis
DN: CN = Andrew P. Saulitis, C = US, O = Law Offices of Andrew P. Saulitis P.C.
Date: 2013.01.22 18:00:51 -05'00'

Andrew P. Saulitis

APS/wp

c:    Jon D. Jekielek, Esq.
      Jekielek & Janis LLP
      fax 212-542-8883

---

[2]In *Zitron*, the court appointed a receiver to oversee the financial interests of defendant judgment-debtor Benjamin Zitron, which assets were Zitron's interests in three interrelated corporations, AutoSpa Corporation, AutoSpa Realty Corporation and AutoSpa Mails, Inc., of which Zitron was President, Chairman of the Board and shareholder (of AutoSpa Corporation), Chairman, Secretary and shareholder (of AutoSpa Realty Corporation, which was a wholly owned subsidiary of AutoSpa Corporation) and shareholder (of AutoSpa Malls, Inc.). The receiver was "appointed for the purpose of insuring that plaintiff's judgment is satisfied from whatever income, profits, or assets are attributable to Zitron." Similarly, in *Hotel 71 Mezz Lender LLC v. Falor*, a receiver was appointed for various individuals who operated various LLCs as investment vehicles for hotel and shopping center development in Florida.