UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SPOTNANA INC.,

                Plaintiff-Judgment Creditor,

     —against—

**AMERICAN TALENT AGENCY, INC.,**

            Defendant-Judgment Debtor,

     —and—

**YUGESHWAR RAJKUMAR,**

            Judgment Debtor.

-------------------------------------------------------------------X



No. 09 Civ. 3698 (LAP)

**AMENDED ORDER**

LORETTA A. PRESKA, Chief United States District Judge:

This Order serves to amend my prior orders dated January 22 and 25, 2013 granting plaintiff Spotnana, Inc.'s ("Spotnana") motion to appoint a receiver in the above captioned matter pursuant to Fed. R. Civ. P. 69(a) and N.Y. Civ. Prac. L & R § 5228(a) for (i) defendant-judgment debtors American Talent Agency, Inc. ("ATA") and Yugeshwar Rajkumar ("Rajkumar") (collectively, "Judgment Debtors") in connection with the judgment entered in this action in favor of Spotnana and against the Judgment Debtors (the "Judgment").

Accordingly, Plaintiff's motion to appoint a receiver is granted as follows:

IT IS HEREBY ORDERED:

        1.      Eric M. Huebscher is appointed Receiver, with the usual powers and directions of a receiver, including the power to administer, collect, improve, lease, repair or sell any interest in property of any kind (including without limitation, contract rights, claims, deposits, accounts receivable, commissions and interests in business entities, including, without limitation, American

Talent Agency LLC ("ATA LLC")), in the possession, custody and/or control of (i) ATA, and/or (ii) Rajkumar, or to do any other acts to secure the property and revenues in order to satisfy the Judgment. Such powers shall include, without limitation, the authority to (i) marshal and collect any and all revenue payable to any of the Judgment Debtors, directly or indirectly (including as a result of their interests in business entities), including, without limitation, in connection with performances booked by or through them or any other revenue source, currently or in the future; and (ii) collect the amounts held in any accounts through which such revenue is disbursed.

2.    John W. Keefe is discharged as Receiver for ATA and replaced by Eric M. Huebsher, *nunc pro tunc.*

3.    Any property or revenue or claims to revenue covered by paragraph 1 hereof that is received by any of the Judgment Debtors, or persons or entities acting on their behalf or at their direction, wherever located, shall be promptly turned over to Receiver. Judgment Debtors are enjoined from transferring (other than to Receiver) or disposing of any property covered by paragraph 1 hereof. The Judgment Debtors are enjoined from interfering in any way with the performance of the Receiver's responsibilities and duties hereunder.

4.    The Receiver shall have the power to pay such reasonable and necessary expenses that the Judgment Debtors are obligated to pay in connection with the operation of ATA and/or ATA LCC, including the performances booked by any of them or by Rajkumar, in their own right or as agent(s) or as, and such reasonable and necessary living expenses as may be requested by Rajkumar individually as are approved of by Receiver. Receiver is authorized to direct disbursements from any of the Judgment Debtors' revenue to the artists booked by them in accordance with their engagements, subject to the provisions of paragraph 10 hereof.

5.    The Receiver shall have the power to exercise such rights as Judgment Debtors each may have with respect to any business entities in which either has an interest or which either controls, including, as applicable, voting rights and the right to inspect books and records.

1714072.7

6.      The Receiver is authorized to sequester and examine the books and records of each of the Judgment Debtors, including to determine whether any of the Judgment Debtors has made, directly or indirectly, any improper disbursements, payments or transfers -for example, transfers for inadequate consideration or to hinder, delay or defraud creditors. Receiver is authorized to take appropriate steps to reclaim or set aside such disbursements, payments or transfers. In order to allow Receiver to exercise this power, the Receiver shall be granted access to each of the Judgment Debtor's offices, storage facilities, records and files, including without limitation, the office at 248 West 35th St, NY, NY and Rajkumar's home office(s), facilities controlled by ATA's or ATA, LLC's employees, attorneys, accountants or any other location where records are stored or information kept.

7.      Receiver is authorized to commence, defend and settle lawsuits or claims relating to the Judgment Debtors' property (including interests in business entities) without further order of the Court, including, without limitation, to recover improper disbursements or asset transfers made, directly or indirectly, by the Judgment Debtors. Receiver has the right to issue subpoenas and take depositions in connection with carrying out its duties and responsibilities hereunder.

8.      All persons now or hereafter in possession of any assets, keys to assets, books of account, records, documents, depositary accounts, electronic funds transfer records, or other property that any of the Judgment Debtors owns, possesses, controls or has any interest in, either directly or through nominees or third parties, including without limitation the other Judgment Debtors, shall forthwith surrender possession, dominion, or control thereof to the Receiver upon demand and presentation of this Order, in the manner and form directed by Receiver. Receiver shall have the power to collect any amounts due to the Judgment Debtors.

9.      Receiver is authorized, in his discretion, to engage and employ persons, including, without limitation, counsel, accountants, financial advisors, investigators, and experts, to assist in the carrying out of Receiver's duties and responsibilities, without further Order of the Court.

1714072.7

The Receiver is authorized to pay such individuals their necessary expenses and reasonable fees.

10.     Receiver is authorized to engage Bryan Cave LLP as its counsel in accordance with the terms of the retainer agreement submitted to the Court.

11.     Receiver is authorized to retain Huebscher & Co., in which the Receiver is associated, as its financial adviser to assist Receiver in carrying out its duties and responsibilities under this Order in accordance with a retainer agreement to be submitted for approval to the Court.

12.     The Receiver shall forthwith deposit all monies received in its own name, as receiver, in a bank with branches located in New York and Receiver is authorized to open such bank account. Receiver shall comply with the documentation and other requirements of N.Y. Civ. Prac. L. & R. § 6404. No withdrawal in excess of $1,000 shall be made from the account except as directed by the Court, upon written request of the Receiver which may be made by letter to the Court with simultaneous notice to Plaintiff's counsel and counsel for the Judgment Debtors by fax or e-mail.

13.     As commission, the Receiver shall be entitled to five percent of the sums he receives and disburses. In addition, the Receiver shall be entitled to payment of all expenses, including the fees and expenses of Receiver's counsel and other professionals retained by Receiver, as approved by the Court.

14.     Upon simultaneous notice to Spotnana's counsel and counsel for the Judgment Debtors, Receiver may seek interim commission(s) and approval of Receiver's expenses (including the fees and expenses of Receiver's counsel and other professionals retained by Receiver) on a periodic basis. The Receiver is authorized to pay approved interim commissions, expenses and fees out of any funds collected by, or assets liquidated by, Receiver pursuant to its authority under this Order.  Such fees paid by the Receiver to counsel and other professionals retained by Receiver shall not be payable out of, or deemed part of, Receiver's commissions.

15.     Receiver shall have the powers granted to it under this Order with respect to future property and assets of the Judgment Debtors which may not be in existence as of the date of this

1714072.7

Order.

16.    The Receiver may, at any time, on proper notice to the judgment creditor and the Judgment Debtor, apply to this Court for further or other instruction or powers necessary to enable said Receiver to properly fulfill his duties.

17.    The Receiver, prior to entering upon its duties, shall execute and file an oath that it will faithfully and fairly discharge the trust committed to it.

18.    The Receiver shall execute and file with the Clerk of the Court an undertaking, in the amount of $2,500, for the faithful performance of its duties as a receiver.

19.    Rule 36 of the Rules of the Chief Judge of New York does not apply to the Receiver appointed hereunder.

20.    The judgment creditor who secured the order appointing the Receiver shall have priority upon filing the order of appointment and such priority shall automatically be extended upon expiration.

21.    The Receiver shall retain all the powers herein granted until such time that the Judgment Debtors' obligations to Spotnana are satisfied in full and Spotnana files a satisfaction of judgment, which Spotnana shall do promptly upon satisfaction.

*22. To the extent that Rajkumar has filed in bankruptcy, the Receiver shall, of course, abide by the terms of the automatic stay and all orders of the Bankruptcy Court.*

SO ORDERED.

Dated: New York, New York
        February 22, 2013

_____
UNITED STATES DISTRICT JUDGE